IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LAMAR KING,<br><br>  Plaintiff,<br><br>v.<br><br>OKLAHOMA DEPARTMENT OF<br>CORRECTIONS,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-25-1278-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

**O R D E R**

This matter is before the Court pursuant to its January 5, 2026 Order [Doc. No. 7] requiring Plaintiff to pay the requisite filing fee no later than January 26, 2026.[1]  In that Order, the Court warned Plaintiff that failure to comply may result in dismissal of this action without prejudice. *Id.*

To date, Plaintiff has not paid the filing fee nor has he requested an extension of time to do so.  Accordingly, this action is hereby dismissed for failure to pay the filing fee and failure to comply with the Court's Order [Doc. No. 7].  *See* Fed. R. Civ. P. 41(b); *see also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (sua sponte dismissal permitted where a plaintiff fails to comply with the rules of civil procedure or the court's orders).[2]

---

[1] Due to the closure of the Court on Monday, January 26, 2026, Plaintiff had the opportunity to pay the requisite filing fee on January 27, 2026.  Plaintiff did not do so.

[2] Based on a review of Plaintiff's submissions, Plaintiff's claims seem to be based on alleged failures of ODOC personnel in 2024 and 2025, so it appears the statute of limitations has not expired for any § 1983 claim through which he alleges constitutional violations. *See* 12 Okla. Stat. § 95(A)(3); *see also Heuston v. Ballard*, 578 F. App'x 791, 792 (10th Cir. 2014) (noting the

IT IS THEREFORE ORDERED that this action is DISMISSED without prejudice for failure to pay the filing fee and failure to comply with the Court's Order. A separate judgment shall be entered contemporaneously herewith.

IT IS SO ORDERED this 28th day of January, 2026.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

applicable limitations period for a § 1983 claim in Oklahoma is two years). Accordingly, the Court may dismiss this action without consideration of the criteria applicable to a dismissal with prejudice. *See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009).